IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

HARLEY LABOY, *individually and on behalf of those similarly situated*,

    Plaintiffs,

v.

TECHNICAL RESPONSE, INC.,

    Defendant.

No: 3:24-cv-00368-KAC-JEM

## AGREED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and in accordance with Local Rule 26.2 of the U.S. District Court for the Eastern District of Tennessee, it is agreed, stipulated, and ordered as follows:

1. This Agreed Protective Order ("Protective Order") shall govern the handling of Confidential Discovery Material, as defined below, produced by any party or non-party in this litigation.

2. The following definitions shall apply to this Protective Order:

    (a) "Qualified Person(s)" shall mean and refer to:

        (i) Counsel of record for each party and employees of counsel who assist in the conduct of this litigation, including employees of any firm retained to reproduce Confidential Discovery Material;

        (ii) Experts or consultants retained by counsel for the purpose of providing expert testimony, expert assistance, or other consulting services in this litigation. All parties will

provide their experts and consultants with a copy of this Protective Order and advise them that the experts and consultants are obliged to abide by its terms and conditions;

 (iii) The individual named parties and the corporate Defendant's officers, directors, or employees whom counsel for such Defendant deems necessary to participate in the conduct of this litigation;

 (iv) The corporate Defendant's officers, directors or employees who are noticed for deposition or designated as trial witnesses and other persons whom counsel for a party in good faith believes may be fact or expert witnesses to the extent deemed necessary by counsel to prepare the witness to testify;

 (v) The person who is the author or addressee of any document or thing marked as Confidential Discovery Material, or copies thereof, or the designated representative of any corporation or other entity with whom such person or people are employed or otherwise affiliated;

 (vi) Deponents, and their counsel, during the course of depositions taken in this action;

 (vii) Court reporters, videographers and persons preparing transcripts of depositions;

 (viii) The Court and its personnel; and

 (ix) Other persons upon order of the Court, or written agreement by the person or entity that produced or disclosed the Confidential Discovery Material.

 (x) All Qualified Persons will be advised of the terms and conditions of this Protective Order and will be instructed to abide by them. Further, prior to the disclosure of Confidential Discovery Material with any Qualified Person (excluding the Court, court personnel,

and other Qualified Persons identified in Paragraph 2(a)(i) and (iii)–(v)), the undersigned counsel intending to disclose Confidential Discovery Material shall secure the individual's agreement to be bound by this Protective Order by executing the "Confidentiality Agreement" attached hereto as Exhibit 1.

(b) "Confidential Discovery Material" shall mean and refer to documents, data and information collected and/or retained in any medium or format, including written material, digitally stored information, as well as other tangible items, whether produced as hard copy, on a digital storage device or shared file or otherwise in any form, or parts thereof, which counsel for the producing person or entity in good faith believes contains or discloses confidential information which may include, but not necessarily be limited to, confidential processes, trade secrets or other confidential or proprietary business information, confidential, private or sensitive personal information pertaining to individual parties or non-parties that may be contained in employee files, or other information that would be entitled to confidential status under Rule 26(c)(1) of the Federal Rules of Civil Procedure. Confidential Discovery Material shall also include videos, transcripts, notes, summaries of depositions, or parts thereof, and/or responses to requests for admissions or interrogatories in which Confidential Discovery Material is discussed or disclosed. Confidential Discovery Material also includes anything derived from Confidential Discovery Material, such as, by way of non-limiting example, expert reports, consultant reports, drawings, animations, or other demonstrative exhibits.

3. Any party or non-party producing Confidential Discovery Material must designate such discovery material as Confidential, by marking it "Confidential" in bold or other conspicuous lettering. Prior to marking any discovery material Confidential, counsel for the

producing party must make a good faith determination that each specific material marked contains Confidential Discovery Material.

4. Confidential Discovery Material shall be used solely for purposes of the prosecution and/or defense of this action and shall be disclosed only to Qualified Persons, except as provided by Court order or by written agreement of counsel for the party that disclosed the material. Nothing in this Protective Order shall limit the right of any party or their counsel to use Confidential Discovery Material during any deposition taken in this action of any employee or agent of Defendant, as long as procedures herein are followed.

5. In the event any nonproducing party seeks to file Confidential Discovery Material with the Court, that party will advise the party that produced the discovery documents in question sufficiently in advance of the intended filing, but in no event shall be required to give more than ten (10) business days' advance notice, to provide the producing party an opportunity to move for a Court order which requires filing those documents under seal. If no motion to seal is filed within this period, or if documents temporarily placed under seal pending a Court ruling are not later ordered to be sealed by the Court, any documents filed with the Court that are not sealed are no longer subject to the provisions of this Protective Order. The fact that documents, deposition transcripts, or other information are designated Confidential Discovery Material shall not be deemed to be determinative of what the Court may subsequently determine to be confidential. With respect to motions for documents to be filed under seal, this Protective Order fully incorporates the Court's Memorandum and Order Regarding Sealing Confidential Information [Doc. 5], including the procedures required to obtain leave to file under seal as outlined therein. Counsel will address in the pretrial order how they propose to handle the use and disclosure of Confidential Discovery Material at trial.

6. To the extent that Confidential Discovery Material or information obtained therefrom are used in the taking of depositions, such documents or information shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with Confidential Discovery Material or information. If a witness is generally asked about Confidential Discovery Material without reference to a specific Confidential Discovery Material, counsel may designate that portion of the testimony as "Confidential" on the record at the time of the testimony or within twenty (20) days after receipt of a deposition transcript.

7. Any court reporter, videographer, or transcriber who reports, records or transcribes testimony in this action shall agree that Confidential information designated as such under this Protective Order shall remain Confidential and shall not be disclosed by them, except pursuant to the terms of this Protective Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

8. Inadvertent or unintentional production of documents or information containing information which should have been designated as Confidential shall not be deemed a waiver in whole or in part of the party's claim of confidentiality. The producing party shall promptly notify the receiving party of such error or oversight as soon as such error or oversight is discovered and shall specify in that notice the particular document(s), tangible thing(s), or information to be reclassified. Any inadvertently produced documents shall be immediately returned to the producing party and shall be re-produced and marked as Confidential.

9. This Protective Order may not be waived, modified, abandoned or terminated, in whole or part, except by an instrument in writing signed by the parties or further order of the

Court. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

10. Nothing herein contained shall be construed to limit, expand, or restrict any right of any party to resist or compel discovery with respect to materials that the party may claim to be privileged or otherwise not discoverable in this action, or the right of any party to seek additional protection pursuant to the Federal Rules of Civil Procedure.

11. If any party objects to the designation of any discovery material as Confidential, the objecting and the designating party shall confer in good faith with the objecting party regarding the designation of such material. If the parties are unable to resolve the designation dispute by agreement, the objecting party shall request in writing that the designating party redesignate such material, and set forth the specific documents or material at issue and the specific reasons the objecting party believes the same should be redesignated. The objecting party shall not request redesignation of documents or material unless that party believes in good faith that the designation is improper, and frivolous requests for redesignation may be sanctioned by the Court. The designating party has thirty (30) days from the date of the request for redesignation within which to resolve the dispute by agreement or file a motion with the Court to demonstrate that the material identified in the request for redesignation satisfies the standard of Rule 26(c) of the Federal Rules of Civil Procedure. The parties shall continue to treat all material identified in a request for redesignation as subject to this Protective Order unless and until there is a further, contrary order by the Court. However, if no motion is filed by the designating party within thirty (30) days of the request for redesignation, the material identified in the request for redesignation is no longer subject to this Protective Order. The fact that documents, deposition transcripts, or other information are designated Confidential Discovery Material shall not be deemed to be

determinative of what the Court may subsequently determine to be confidential. The designating party shall at all times bear the burden of demonstrating that the material identified in the request for redesignation satisfies the standard set forth in Rule 26(c) of the Federal Rules of Civil Procedure.

12. The termination of this action shall not relieve Qualified Persons from the obligation of maintaining the confidentiality of all Confidential Discovery Material produced and designated pursuant to this Confidentiality Order, unless the Court orders or permits otherwise. Within 120 days of the final termination of this action, each Qualified Person who has received Confidential Discovery Material shall destroy, or arrange for counsel to destroy, such discovery materials and shall, upon request, certify that all confidential documents in their possession have been destroyed, including copies. All protected Confidential Discovery Materials that have been placed in any computer database, hard drive, or disk, cloud or any electronic, virtual or any other format or medium shall be completely erased, and any documents listing or summarizing information protected by this Protective Order shall be destroyed within the same period. Notwithstanding the foregoing, Qualified Persons shall not be required to return or destroy any documents containing any work product or any documents otherwise filed with the Court provided such documents continue to be maintained in accordance with this Protective Order.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

**APPROVED FOR ENTRY:**

*/s/ J. Gerard Stranch*
J. Gerard Stranch, IV  (BPR No: 23045)
Michael Iadevaia  (BPR No: 041622)
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa Parks Ave., Ste 200
Nashville, TN  37203
615-254-8801
gstranch@stranchlaw.com
miadevaia@stranchlaw.com
Attorneys for Plaintiff Harley Laboy and Proposed Class

*/s/ Samuel J. Strauss*
Samuel J. Strauss, Esq.
Raina C. Borrelli, Esq.
**STRAUSS BORRELLI, LLP**
613 Williamson St., Ste 201
Madison, WI  53703
608-237-1775
sam@straussborrelli.com
raina@strausborrelli.com
Attorneys for Plaintiff Harley Laboy and Proposed Class

*/s/ Lynn A. Toops*
Lynn A. Toops, Esq.
Amina A. Thomas, Esq.
**COHEN & MALAD, LLP**
One Indiana Square
Suite 1400
Indianapolis, IN  46204
317-636-6481
ltoops@cohenandmalad.com
athomas@cohenandmalad.com
Attorneys for Plaintiff Harley Laboy and Proposed Class

*/s/ John M. Lawhorn*
John M. Lawhorn  (BPR No: 14388)
Sharon H. Kim  (BPR No: 33284)
**FRANTZ, MCCONNELL & SEYMOUR, LLP**
550 W. Main Street, Suite 500
Knoxville, TN 37902
jlawhorn@fmsllp.com
skim@fmsllp.com
865-546-9321
Attorneys for Defendant Technical Response, Inc.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

**HARLEY LABOY,** *individually and on behalf of those similarly situated*,

       Plaintiffs,

vs.                                    **No: 3:24-cv-00368-KAC-JEM**

**TECHNICAL RESPONSE, INC.,**

       Defendant.

## CONFIDENTIALITY AGREEMENT

The undersigned, having read the Agreed Protective Order on confidentiality entered in the above captioned action, hereby acknowledges that he/she understands the terms thereof and agrees to be bound thereby and to ensure that any employee and/or clerical assistant will also abide thereby.

This the _____ day of, _____, 20_____.

                                                                                 _____
                                                                                           (Signature)

                                                                                _____
                                                                              (Print Name)

                                                                              _____
                                                                   (Title, if applicable)

                                                                              _____
                                                                                   (Address)

9

Case 3:24-cv-00368-KAC-JEM   Document 24   Filed 02/20/25   Page 9 of 9   PageID #: 81